UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2006

at ||  o'clock and 10 min A M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EUGENE K. ALBINO,<br><br>Defendant - Appellant. | No. 05-10146<br>D.C. No. CR-03-00417-DAE<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/15/05

SCANNED

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN - 6 2006

by
Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Appellee,<br>    v.<br>EUGENE K. ALBINO,<br>    Defendant-Appellant. | No. 05-10146<br>D.C. No.<br>CR-03-00417-DAE<br>OPINION |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted December 8, 2005*
San Francisco, California

Filed December 15, 2005

Before: Melvin Brunetti, Alex Kozinski, and
Barry G. Silverman, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY

### Criminal Law and Procedure/Sentencing

The court of appeals affirmed a judgment of the district court. The court held that the imposition of the minimum sentence under 21 U.S.C. § 841(b)(1)(A)(vii), which classifies 1,000 or more kilograms of marijuana plants, regardless of weight, as equal to 1,000 or more kilograms of marijuana for purposes of the 10-year mandatory minimum sentence, did not violate the Eighth Amendment.

Appellant Albino pleaded guilty in district court to growing 2,349 marijuana plants and received a 10-year sentence, the minimum under the statute.

Albino appealed his sentence, arguing that § 841(b)(1)(A)(vii) violates the Fifth and Eighth Amendments.

[1] The Ninth Circuit had already rejected Albino's Fifth Amendment argument. [2] Albino's Eighth Amendment claim also failed because his sentence was not grossly disproportionate to his offense. Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, the Ninth Circuit will not overturn it on Eighth Amendment grounds. Because Albino received the minimum sentence under the statute, combined with the broad deference afforded Congress to set criminal penalties, Albino's sentence did not violate the Eighth Amendment. The judgment of the district court had to be affirmed.

## COUNSEL

Pamela J. Byrne, Assistant Federal Defender, Honolulu, Hawaii, for the appellant.

Thomas Muehleck, Assistant United States Attorney, Honolulu, Hawaii, for the appellee.

## OPINION

PER CURIAM:

Eugene Albino appeals the ten-year sentence imposed by the district court following his guilty plea to growing 2,349 marijuana plants. Albino argues that 21 U.S.C. § 841(b)(1)(A)(vii), which classifies 1000 or more marijuana plants, regardless of weight, as equal to 1000 or more kilograms of marijuana for purposes of the ten-year mandatory minimum sentence, violates the Fifth and Eighth Amendments. We affirm.

[1] We have rejected Albino's Fifth Amendment argument in *United States v. Motz*, 936 F.2d 1021, 1025 (9th Cir. 1991) (holding that "[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield") and *United States v. Belden*, 957 F.2d 671, 676 (9th Cir. 1992) (recognizing that the disparity in sentences between marijuana growers and marijuana possessors is rationally related to deterrence and a higher level of culpability for marijuana growers).

[2] Albino's Eighth Amendment claim also fails because his sentence is not grossly disproportionate to his offense. Albino pled guilty to growing 2,349 marijuana plants and received a ten-year sentence, the minimum under the statute. In reviewing criminal sentences for Eighth Amendment proportionality, we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Solem v. Helm*, 463 U.S. 277, 290 (1983). In view of this deference "a

16414     UNITED STATES v. ALBINO

reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Id.* at 290 n.16. "Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds." *United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001). Because Albino received the minimum sentence under the statute, combined with the broad deference afforded Congress to set criminal penalties, Albino's sentence does not violate the Eighth Amendment.

**AFFIRMED.**

```
                                                           MOATT   INVATT
                                                                    i
INTERNAL USE ONLY: Proceedings include all events.
05-10146 USA v. Albino

UNITED STATES OF AMERICA          Thomas C. Muehleck, AUSA
      Plaintiff - Appellee        FAX 808/541-2958
                                  808/541-2850
                                  Suite 6-100
                                  [COR LD NTC aus]
                                  USH - OFFICE OF THE U.S.
                                  ATTORNEY
                                  PJKK Federal Building
                                  300 Ala Moana Blvd.
                                  P.O. Box 50183
                                  Honolulu, HI 96850


      v.

EUGENE K. ALBINO                  Pamela J. Byrne, Esq.
      Defendant - Appellant       FAX 808/541-3545
                                  808/541-2521
                                  Ste. 7104
                                  [COR LD NTC afp]
                                  FPDHI - FEDERAL PUBLIC
                                  DEFENDER'S OFFICE (HONOLULU)
                                  300 Ala Moana Blvd.
                                  Honolulu, HI 96850
```